Opinion issued January 30, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01–03–00209–CV




ARTHUR E. JOHNSON, Appellant

V.

TRAVIS JOHNSON F/K/A JOE E. JOHNSON, JR.; BETTY ATTEBERRY;
HARRIS COUNTY, TEXAS; HARRIS COUNTY JUDGE ROBERT
ECKELS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; HARRIS
COUNTY FIRE MARSHAL MIKE MONTGOMERY, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES; HARRIS COUNTY DEPUTY FIRE
MARSHAL GARY SELF, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES; HARRIS COUNTY DEPUTY FIRE MARSHAL NATHAN
GREEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES;
PROGRESSIVE MUTUAL INSURANCE COMPANY; PEGGY DANIELS;
WELLS FARGO BANK TEXAS, N.A.; HOLLY JONES; HARRIS COUNTY
ATTORNEY MICHAEL A. STAFFORD; AND ASSISTANT HARRIS
COUNTY ATTORNEY GEORGE A. NACHTIGALL, Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2002–56859




MEMORANDUM OPINIONAppellant Arthur E. Johnson filed suit against the following defendants: Travis
Johnson f/k/a Joe E. Johnson, Jr.; Betty Atteberry; Harris County, Texas; Harris
County Judge Robert Eckels; Harris County Fire Marshal Mike Montgomery; Harris
County Deputy Fire Marshal Gary Self; Harris County Deputy Fire Marshal Nathan
Green; Progressive Mutual Insurance Company; Peggy Daniels; Wells Fargo Bank
Texas, N.A.; and Holly Jones. Johnson sued Eckels, Montgomery, Self, and Green
in both their individual and official capacities.
          After previously finding Arthur Johnson to be a vexatious litigant, the trial
court on February 5, 2003 granted the motion filed by Harris County, Eckels,
Montgomery, Self, and Green to prohibit Arthur Johnson from filing, in propria
persona, a new litigation in a court of this state without the permission of a local
administrative judge. See Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001–.104
(Vernon 2002). On March 26, 2003, the trial court dismissed with prejudice Arthur
Johnson’s claims against Harris County, Eckels, Montgomery, Self, and Green. On
March 31, 2003, the trial court again found Arthur Johnson to be a vexatious litigant,
required him to post $3,000.00 security into the registry of the court, and granted the
motion filed by Travis Johnson to prohibit Arthur Johnson from filing, in propria
persona, a new litigation in a court of this state without the permission of a local
administrative judge. See id.
          On May 19, 2003, the trial court dismissed Arthur Johnson’s claims against
putative defendants Harris County Attorney Michael A. Stafford and Assistant Harris
County Attorney George A. Nachtigall. On June 2, 2003, the trial court (1) found that
Arthur Johnson did not comply with the court’s March 31, 2003 order requiring him
to post security and (2) dismissed the case with prejudice.
          Arthur Johnson filed multiple notices of appeal and affidavits of indigence. 
The district clerk filed a contest, which the trial court sustained by written order on
July 17, 2003. Arthur Johnson has also filed three petitions for writs of mandamus
arising out of this lawsuit. See In re Johnson, No. 01–03–00743–CV (Tex.
App.—Houston [1st Dist.] Sept. 4, 2003, orig. proceeding) (complaining of alleged
failure of Honorable Mark Davidson, judge of 11th District Court, to recuse himself;
petition denied); In re Johnson, No. 01–03–00744–CV (Tex. App.—Houston [1st
Dist.] Sept. 4, 2003, orig. proceeding) (complaining of alleged failure of Honorable
Martha Hill Jamison, judge of 164th District Court, to recuse herself; petition
denied); In re Johnson, No. 01–03–01229–CV (Tex. App.—Houston [1st Dist.] Jan.
7, 2004, orig. proceeding) (complaining of alleged failure of Barbara Chumley,
official court reporter of 164th District Court, to prepare reporter’s record without
prepayment of reporter’s fee; original proceeding dismissed for want of prosecution).
          On appeal, Arthur Johnson has neither established indigence, nor paid all the
required fees. See Tex. R. App. P. 5 (requiring payment of fees in civil cases unless
indigent), 20.1 (listing requirements for establishing indigence); see also Tex. Gov’t
Code Ann. §§ 51.207, 51.941(a), 101.041 (Vernon Supp. 2004) (listing fees in court
of appeals); Fees Civ. Cases B(1), (3) (listing fees in court of appeals). After being
notified that this appeal was subject to dismissal, Arthur Johnson did not adequately
respond. See Tex. R. App. P. 5 (allowing enforcement of rule); 42.3(c) (allowing
involuntary dismissal of case).
          The appeal is dismissed for nonpayment of all required fees. All pending
motions are denied.
 
PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Hanks.